UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RACZ,<br><br>Petitioner,<br><br>v.<br><br>SIRCOYA WILLIAMS, Warden,<br><br>Respondent. | Case No. 2:25-cv-02778-JVS -KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS SUCCESSIVE |

On March 30, 2025, John Racz ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. ("Petition" at Dkt. 1.)  As discussed more fully below, the Court orders Petitioner to show cause why the Petition should not be dismissed as successive.

**I.**

**BACKGROUND**

Petitioner challenges his 2007 conviction of murder in the first degree under Cal. Pen. Code § 187 in Los Angeles County Superior Court case number BA 320288, for which he was sentenced to twenty-five years to life.  (Dkt. 1-2 at 6.) Petitioner asserts habeas relief on the ground that, in 2021, Petitioner discovered the notes of Detective Sally Fynan, which indicated that a credit card belonging to Ann Racz, the victim of the 1991 murder, "had been used multiple times after April 22,

1

1991, the date she disappeared." (Id. at 8.)  Petitioner asserts that the People's failure to disclose these notes prior to his trial violated the prosecutor's duty under Brady v. Maryland, 373 U.S. 83 (1963).  (Id.)  However, the Petition appears to be successive.

## II.

## DISCUSSION

**A.    Legal Standard.**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), generally prisoners may file only one petition challenging a state court conviction under § 2254.  See 28 U.S.C. § 2244(b)(1)-(2).  In order to file a second or successive petition under § 2254, the petitioner must seek authorization from the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 2244(b)(3).  The petitioner must demonstrate that the claim(s) raised in the proposed successive petition were not presented in a prior petition and that:

> (A) ... the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §§ 2244(b)(2)(A)-(B).

Failure to secure an order from the Ninth Circuit authorizing the filing of a second or successive petition deprives the district court of subject matter jurisdiction over the petition.  Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

**B.    Analysis.**

Petitioner has filed three prior habeas petitions in the Central District of California: (1) Racz v. Knipp, Case No. 2:12-cv-05300-FMO, constructively filed on June 13, 2012; (2) Racz v. Knipp, Case No. 2:12-cv-08270-JVS-RNB, constructively filed on September 16, 2012 (Dkt 1), with a first amended petition filed through counsel on May 26, 2013 (Dkt. 34); and (3) Racz v. Borders, Case No. 2:17-cv-02394-JVS-KES, filed through counsel on March 29, 2017.

In the first case, the petition was dismissed without prejudice as unexhausted. (Case No. 12-cv-05300, Dkt. 18.)  In the second case, the court dismissed the first amended petition with prejudice because habeas relief was not warranted with respect to Petitioner's pre-indictment delay, insufficiency of the evidence, outrageous government misconduct, and ineffective assistance of counsel claims. (Case No. 12-cv-08270, Dkt. 84, 91.)  It also denied Petitioner's request for an evidentiary hearing.  (Id.)  In the third case, the petition was dismissed without prejudice as successive.  (Case No. 17-cv-02394, Dkt. 8, 9.)  On April 24, 2017, following the dismissal of the third petition, Petitioner filed an application with the Ninth Circuit for leave to file a successive petition.  (Case No. 17-71174, Dkt. 1.) This application was denied.  (Id., Dkt. 2.)

The instant Petition challenges the same 2007 conviction that Petitioner previously challenged in the first three habeas petitions filed in this Court.  Because the second of the three prior petitions was adjudicated on the merits and the third was dismissed as successive, the instant Petition appears to be successive as well. Petitions raising claims under Brady based on recently discovered evidence can still be successive.  See Brown v. Atchley, 76 F.4th 862, 869 (9th Cir. 2023) (noting that, when Petitioner Brown filed a second habeas petition "alleging that previously undisclosed information contained in three police officers' personnel files was subject to disclosure under Brady …," the district court properly dismissed the petition as a "successive petition requiring pre-filing authorization from the Ninth

3

1    Circuit ….").

2          Based on the Court's review of the Ninth Circuit's docket, Petitioner has

3    neither requested nor received permission from the Ninth Circuit to file the Petition.

4    Accordingly, the Court appears to lack jurisdiction to adjudicate the instant

5    Petition.  See Cooper, 274 F. 3d at 1274.

6                                   **III.**

7                              **CONCLUSION**

8          IT IS THEREFORE ORDERED that, **on or before May 22, 2025**, Petitioner

9    show cause in writing, if any he has, why the Court should not recommend that his

10   Petition be dismissed without prejudice as successive.

11

12   DATED: April 23, 2025          _Karen E. Scott_
                                    _____
13                                  KAREN E. SCOTT
                                    UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      4